# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEREMIAH ULYSSES JONES,

      Petitioner,   :        Case No. 1:25-cv-00508

  - vs -                            District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

CYNTHIA M. DAVIS, WARDEN,
  Southern Ohio Correctional Facility,

                              :

      Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Jeremiah Ulysses Jones to obtain relief from his convictions in the Trumbull County Court of Common Pleas. The case is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 7) and the Respondent's Return of Writ (ECF No. 9). The Court set a date for Petitioner to file a reply of twenty-one days after the Return was filed (Order for Answer, ECF No. 2, PageID 33), but that date has passed and no reply has been filed.

**Litigation History**

On January 17, 2018, the Trumbull County Grand Jury handed down an indictment

1

charging Jones in Case No. 17-CR-790 with one count of aggravated robbery in violation of Ohio Revised Code § §2911.01(A)(1) & (C), with a firearm specification. On April 23, 2019, the trial court denied the motion to sever and granted the State's amended motion to join cases 17-CR-790 and 18-CR-575 for trial purposes. (State Court Record, ECF No. 7, Exhibit 17). After negotiations with the State, Petitioner pleaded guilty to the charge and specification and was sentenced to six years confinement to be served consecutively to the sentence in 18-CR-625. Jones did not appeal.

On July 31, 2018, the Trumbull County Grand Jury handed down an indictment charging Jones in Case No. 18-CR-575 with one count of aggravated robbery in violation of Ohio Revised Code §2911.01(A)(1) & (C), with a firearm specification (count one); one count of aggravated robbery, in violation of Ohio Revised Code §2911.01(A)(3) & (C), with a firearm specification (count two); one count of felonious assault, a second degree felony, in violation of Ohio Revised Code §2903.11(A)(1) & (D)(1)(a), with a firearm specification (count three); one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2) & (D)(1)(a), with a firearm specification (count four); and one count of having weapons while under disability in violation of Ohio Revised Code § 2923.13(A)(2) & (B) (count five)(Indictment, State Court Record, ECF No. 7, Ex. 20).

The trial court sentenced Jones to three years on count one, three years on count three and twenty-four months on count five to be served concurrent to one another. Jones was also sentenced to three years on the firearm specification attached to count one and three years on the firearm specification attached to count three. The sentence on the two firearm specifications was merged into a single three-year term to be served prior to and consecutive with the sentence imposed in counts one, three and five. In addition, the sentence was ordered to run consecutive to the sentence imposed in 18-CR-790 and 18-CR-625 for a total aggregate sentence in cases 17-CR-790, 18-CR-

575 and 18-CR-625 of eighteen years. (State Court Record, ECF No. 7, Exhibit 38). Jones took no direct appeal.

On June 7, 2023, Jones moved to withdraw his guilty pleas on the ground he had received ineffective assistance of trial counsel (Motion, State Court Record, ECF No. 7, Ex. 39). The trial court denied the motion. *Id.* at Exs. 41, 42. Jones appealed in both cases and the Eleventh District Court of Appeals consolidated the cases in which Jones presented one assignment of error: "The trial court erred in denying Appellant's motions to withdraw his guilty pleas as a manifest injustice has occurred." (Brief, ECF No. 7, Exhibit 46, PageID 266). The Eleventh District affirmed. *State v. Jones,* 2024-Ohio-1124 (Ohio App. 11th Dist. Mar. 25, 2024), and the Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Jones*, 174 Ohio St. 3d 1548 (2024).

Jones, through counsel, filed his habeas petition in this Court on July 23, 2025, pleading the following single ground for relief:

> **GROUND ONE**: Petitioner did not make a knowing and voluntary plea since he was not competent to do so.
>
> **Supporting Facts:** This is a proceeding based upon the Trial Courts [sic] denial of Petitioner's Motion to withdraw his prior guilty pleas. The Trial Court denied such, essentially without comment. In the within case although sentence has been imposed, it is submitted that a manifest injustice took place which merits the setting aside of the judgment of Petitioner's convictions and merits permitting Petitioner to withdraw his pleas.
>
> For cause, Petitioner submits that he was not in fact guilty of charges for which he was convicted and he was not properly represented by counsel. He was further not properly advised of his constitutional rights and he did not knowingly and intentionally waive his constitutional rights prior to entering his pleas.
>
> The record in this matter is quite clear that Petitioner's original trial counsel sought a finding that Petitioner was not competent to stand trial. In that regard, two separate forensic examinations of Petitioner occurred. First, the Forensic Psychiatric Center of North East Ohio conducted an evaluation of Petitioner. (See attached). While the

3

> evaluator eventually determined that Petitioner was competent to stand trial, a variety of troubling factual findings were made in the process of that evaluation, to wit; (1) Petitioner cannot read or write, beyond signing his name; (2) Petitioner was a very young man and had always been in special education classes throughout his educational career; (3) there was "no doubt" that Petitioner suffered from an intellectual disability and several tests showed Petitioner's IQ to be in an extremely low range of 56; (4) Petitioner was unsure of the role of a judge in a trial proceeding; and (5) it was very difficult to gauge a level of Petitioner's concentration. This first evaluation was based upon a TOMM test that was administered indicating some level of malingering by Petitioner **as to memory** and it was then concluded that petitioner was competent. A second evaluation was ordered.
>
> The second evaluation was conducted by TRAVCO Behavioral Health and essentially accepted the findings of the first evaluation. The second evaluation was based entirely upon an interview with Petitioner which occurred on one occasion and lasted for approximately 45 minutes.
>
> After these evaluations were stipulated to and submitted to the Trial Court, the Trial Court found Petitioner to be competent to stand trial. Petitioner had obtained new counsel who unilaterally opted to withdraw Petitioner's competency motions in the cases at bar. Petitioner neither understood nor authorized this action by his trial counsel, as was clearly indicated in Petitioner's affidavit submitted to the Trial Court and part of the Record in this matter. Frankly, the decision to withdraw the competency motions is inexplicable since a criminal defendant may appeal an adverse competency ruling, even if that defendant eventually enters into a plea arrangement. In light of the factual findings contained in the initial competency evaluation discussed above, Petitioner respectfully submit that a manifest injustice has occurred in the case at bar. Consequently Petitioner's pleas were not knowing and voluntary he should have been permitted to withdraw his prior guilty pleas.

(Petition, ECF No. 1, PageID 5, 16-17).

## Analysis

Respondent asserts this case is barred by the statute of limitations (Return, ECF No. 9, PageID 388-95). Offered an opportunity by the standard form of § 2254 Petition to explain why

4

the Petition is timely, Petitioner's counsel wrote: "One year did not start to run until 1 year after exhaustion of stae [sic] remedies regarding Motion to Withdraw guilty plea. Petition is timely filed within one year thereof." (Petition, ECF No. 1, PageID 13). As noted above, Petitioner's counsel has not filed a Reply and therefore has not offered any further argument on timeliness.

The default date for the statute of limitations to begin to run is the date on which a conviction becomes final on direct review. 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not appeal his convictions, his conviction became final on the last day he could have appealed, which was thirty days after judgment, or September 13, 2019. Petitioner filed no collateral attacks on the judgment during the following year which would have tolled the statute under §2244(d)(2). Therefore the statute of limitations ran one year later on September 13, 2020. Because the Petition here was not filed until July 23, 2025, it is barred by the statute.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 28, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.